## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

ROMAN GASPAR-OCHOA,        )
                           )
           Petitioner,     )
v.                         )       **Civil Action No. 1:19-00917**
                           )
C. MARUKA, Warden,       )
                           )
           Respondent.    )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

### FACT AND PROCEDURE

**A.**    **Criminal Action No. 9:12-cr-00012:**

On May 29, 2012, Petitioner pled guilty in the United States District Court for Montana to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count One) and one count of illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326(a) (Count Three). United States v. Gaspar-Ochoa, Case No. 9:12-cr-00012 (D.Mt. Oct. 5, 2012), Document Nos. 48 and 59. As part of his plea agreement, Petitioner acknowledged the prior conviction and that he was subject to an enhanced sentence under the provisions of 21 U.S.C. § 841 and as a result of the Government's filing of the appropriate notice under 21 U.S.C. § 851. Id. On October 5, 2012, the District Court sentenced Petitioner to a 262-month term of imprisonment as to Count

One and a 77-month term of imprisonment as to Count Three, to run concurrently with Count One. Id., Document Nos. 71 and 72. Petitioner did not file a direct appeal to the Ninth Circuit Court of Appeals.

**B.    Motion to Vacate:**

On October 11, 2013, Petitioner filed in the District of Montana his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 82. In his Motion, Petitioner asserted the following grounds: (1) Trial counsel acted ineffectively in failing to assert a Fourth Amendment challenge; and (2) Counsel acted ineffectively in failing to file a direct appeal. Id. On March 7, 2014, Petitioner filed a Supplement to his Section 2255 Motion and Affidavit in Support. Id., Document Nos. 89 and 89-1. Petitioner was appointed counsel on April 1, 2015. Id., Document Nos. 97 and 99. On June 10, 2015, Petitioner, by counsel, filed a "Unopposed Motion to Withdraw 28 U.S.C. Motion." Id., Document No. 101. By Order entered on June 16, 2015, the District Court granted the above Motion to Withdraw and dismissed Petitioner's Section 2255 Motion.

**C.    Motions to Reduce Sentence:**

On July 28, 2016, Petitioner filed in the District of Montana a Motion to Reduce Sentence pursuant to 18 U.S.C. 3582(c)(2). Id., Document No. 105. By Order entered on August 5, 2016, the District Court denied Petitioner's Motion. Id., Document No. 106.

On April 13, 2020, Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. 3582(c)(1) based upon the COVID-19 outbreak. Id., Document No. 138. By Order entered on April 21, 2020, the District Court denied Petitioner's Motion. Id., Document No. 139.

**D.    Instant Section 2241 Petition:**

On December 30, 2019, Petitioner, acting *pro se*, filed his instant Section 2241 Petition "in

2

light of <u>United States v. Wheeler</u>."[1] (Civil Action No. 1:19-00917, Document No. 1.) In his Petition, Petitioner challenges the validity of his sentence citing <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011),[2] <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016), and <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013). (<u>Id.</u>) Petitioner argues that his sentence is no longer valid because "he is no longer subject to the § 851 enhancement based on <u>United States v. Simmons</u>, 649 237 (4th Cir. 2011) because his prior [Oklahoma] conviction no longer qualifies as a 'felony drug offense.'" (<u>Id.</u>) Citing <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2015), Petitioner argues that the Fourth Circuit held that <u>Simmons</u> applied retroactively to cases on collateral review. (<u>Id.</u>) Petitioner states that he is now "housed in the Fourth Circuit as of 2019 [and] this case law was not available to him when he was housed in the 9th Circuit." (<u>Id.</u>) Citing <u>Mathis</u> and <u>Descamps</u>, Petitioner further argues that the Oklahoma statute he was convicted under was divisible and "his prior felony drug offense no longer qualifies as a predicate offense for purpose of § 851." (<u>Id.</u>)

By Order entered on January 14, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (<u>Id.</u>, Document No. 5.) On February 14, 2020, Respondent filed his Response to the Order to Show Cause. (<u>Id.</u>, Document No. 9.) Respondent very generally argues that Petitioner's Petition should be denied because the Petition is not properly brought under 28 U.S.C. § 2241 and should either be dismissed or transferred to the Court of conviction. (<u>Id.</u>) On March 30, 2020, Petitioner filed his Reply.

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]   Petitioner's reliance upon *Simmons* is misplaced. *Simmons* is a Fourth Circuit decision and Petitioner was convicted in the Ninth Circuit.

(Document No. 11) Petitioner states that if his claims are not properly brought under Section 2241, Petitioner requests that the above matter be transferred to the District of Montana. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to

4

challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the District of Montana. Specifically, Petitioner alleges that his sentence is invalid based upon Simmons, Mathis and Descamps. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the District of Montana. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because his Petition construed as a Section

5

2255 Motion is untimely under the one-year limitation period of Section 2255(f)[3] and Petitioner sets forth no allegations supporting equitable tolling.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred

---

[3] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events: (1) "[T]he date on which the judgment of conviction becomes final;" (2) "[T]he date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;" (3) "[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "[T]he date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence." 28 U.S.C. § 2255(f). Considering the timeliness of Petitioner's Motion under Section 2255(f)(1), such is untimely. Petitioner's Judgment Order as entered on October 5, 2012, and his sentence became final 14 days later when he did not file a direct appeal (October 19, 2012). Therefore, Petitioner had until October 18, 2013, to file a timely Section 2255 Motion. Approximately 7 days prior to the expiration of the limitations period, Petitioner filed a timely Section 2255 Motion on October 11, 2013. Petitioner's Section 2255 Motion remained pending until June 16, 2015, when the District Court granted Petitioner's Motion to Withdraw his Section 2255 Motion. Even assuming the limitations period was tolled during the period of time his Section 2255 Motion was pending, Petitioner had only 7 days remaining on his limitation period. Petitioner did not file his instant Section 2241 Petition until December 30, 2019, more than 4 years and 6 months after he withdrew his Section 2255 Motion. Considering the timeliness of Petitioner Motion under Section 2255(f)(2), (3), and (4), there is no indication that either would apply to the circumstances of this case.

procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[4] In Wheeler, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. United States v. Wheeler, 734 Fed.Appx. 892 (4th Cir. 2018); United States v. Wheeler, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme
> Court at the earliest possible date in order to resolve an existing circuit split that the panel decision

that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and Ninth Circuit[5] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014). Thus, the substantive law of the Ninth Circuit applies to decide the retroactivity question. See Gibson v. Warden, FCI McDowell, 2021 WL 969195, * 4 (S.D.W.Va.)(J. Faber)(retroactivity is a question of substantive law).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. Next, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner relies upon Simmons, Descamps, and Mathis to challenge the validity of his sentence.

---

broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] Petitioner was convicted in the Ninth Circuit, therefore, the substantive law of the Ninth Circuit controls.

First, Petitioner's reliance upon <u>Simmons</u>[6] is misplaced as Petitioner was convicted in the Ninth Circuit and the substantive law of the Ninth Circuit controls. Clearly, <u>Simmons</u> is Fourth Circuit law that is non-binding authority in the Ninth Circuit. Second, Petitioner's reliance upon <u>Descamps</u> is misplaced as it was decided prior to the expiration of the time period for Petitioner to file a timely Section 2255 Motion. Specifically, <u>Descamps</u> was decided on June 20, 2013 and Petitioner filed his timely Section 2255 Motion on October 11, 2013, wherein he could have asserted his <u>Descamps</u> argument. Therefore, Petitioner cannot satisfy the second requirement of the <u>Wheeler</u> test.

Finally, Petitioner's reliance upon <u>Mathis</u>[7] is misplaced as both the Fourth Circuit and the Ninth Circuit (where Petitioner was convicted and sentenced), have determined that <u>Mathis</u> does not apply retroactively on collateral review. <u>See</u> <u>Cox v. Wilson</u>, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); <u>Copeland v. Kassell</u>, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in

---

[6] To the extent Petitioner wished to present a challenge based upon *Simmons*, Petitioner could have sought relief based upon *Simmons* in his direct appeal or by filing a Section 2255 Motion. The Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) on August 17, 2011. In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id.* On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that Petitioner does not challenge his Section 922(g) conviction.

[7] In *Mathis v. United States*, 579 U.S. 500, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, 570 U.S. 2276, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

*Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4ᵗʰ Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Arazola-Galea v. United States, 876 F.3d 1257 (9ᵗʰ Cir. 2017)(finding *Mathis* does not apply retroactively because "*Mathis* does not establish a new rule of constitutional law; rather it clarifies application of the 'categorial' analysis to the Armed Career Criminal Act."); Clark v. Lake, 2019 WL 4640350 (E.D.Ca. Sept. 24, 2019)("[T]he Ninth Circuit and other circuit courts have uniformly held that *Mathis* is not retroactive rule granting further habeas review."); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"). Therefore, Petitioner cannot satisfy the second requirement of the Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*). Furthermore, as stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255.

Based upon the foregoing, the undersigned finds that Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and

10

**REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: September 26, 2022.

Omar J. Aboulhosn
United States Magistrate Judge

11